1

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

3

**JUAN FUENTES-SANTIAGO**,

4

Plaintiffs,

5

v.                                                    **CIVIL NO. 03-2181(DRD/GAG)**

6

7

**EMPRESAS STEWART AND CIAS**,
 **et al.**,

8

Defendants.

9

10

**ORDER**

11

Before the Court is co-defendant Empresas Stewart and Cias' ("Stewart") *Second Motion to*

12

*Strike* (Docket No. 48), alleging that plaintiff Juán Fuentes-Santiago's ("Fuentes-Santiago") failure

13

to comply with Local Rule 56 (c) warrants that his statement of contested facts (Docket No. 42) be

14

stricken from the record. For the reasons set forth herein, the Court **GRANTS** Stewart's *Motion to*

15

*Strike*.

16

While the plaintiffs did submit an opposing statement of material facts (Docket No. 41), said

17

statement fails to meet the Local Rule's requirements, which  call for the opposing party's statement

18

to:

19

> "admit, deny or qualify the facts by reference to each numbered paragraph of
> the moving party's statement of material facts and unless a fact is admitted,
> shall support each denial or qualification by a record citation as required by
> this rule."

20

21

Rule 56 (c), Local Rules of the United States District Court, District of Puerto Rico (2004) (emphasis

22

added). Parties ignore Local Rule 56 at their own peril, and failure to file a statement of contested

23

facts which fully complies with said rule warrants deeming the facts presented in the movant's

24

statement of undisputed facts admitted. Morales v. Orssleff's EFTF, 246 F. 3d. 32, 33 (1ST Cir.2001).

25

The non-movant may not merely file a separate list of facts which bare no relationship to those

26

numbered in the movant's statement. Mercado-Alicea v. P.R. Tourism Company, 396 F. 3d. 46, 50-

27

51 (1ST Cir. 2005).

28

In the case at bar, Fuentes-Santiago's statement of contested facts is flawed for various

1

**CIVIL NO. 03-2181(DRD/GAG)**          2

2  reasons. The first and most glaring is the inconsistency in some of its denials and admissions. Of the

3  thirty-four statements admitted in paragraph number one of his Rule 56 (c) statement, nine are later

4  denied. Specifically, paragraphs 34, 38, and 50-56, are initially admitted, but later controverted. <u>See</u>

5  ¶¶ 8-10, 29-30, *Statement of Contested Facts*, p. 2, 5 (Docket No. 42). In addition, as Stewart

6  correctly points out, Fuentes-Santiago has failed to admit, deny or qualify almost half of the

7  allegations contained in its statement of uncontested facts. To that effect, the Court finds that

8  paragraphs 2, 8, 16, 23-24, 31-33, 36-37, 39, 44-45, and 58-72 are not even mentioned in the

9  plaintiffs statement of contested facts, much less admitted, denied or qualified. <u>Id.</u>

10          In essence, Fuentes-Santiago filed his own statement of facts, in which he sparsely mentions

11  some of the allegations contained in Stewart's statement of uncontested facts, while adding

12  numerous others. While Fuentes-Santiago is free to add any additional statements of material fact

13  he chooses, he may do so in "a separate section" and after satisfying his obligation to properly

14  address the movant's material facts. Rule 56 (c), Local Rules of the United States District Court,

15  District of Puerto Rico (2004). The plaintiff's statement clearly fails to do so, first because his initial

16  compliance with Rule 56 (c) is in doubt, and secondly because he has joined all the facts he deems

17  pertinent in one statement, which requires the Court to sift through the same in search of which facts

18  reference Stewart's statement and which others have been added by Fuentes-Santiago. Such action

19  clearly contravenes the very purpose of local rule 56, dubbed the "anti-ferreting rule," which seeks

20  to prevent the Court from having to search through sloppy records to decipher whether an issue of

21  material facts is present. <u>Mercado-Alicea</u>, 396 F. 3d. at 51 (citing <u>Morales</u>, 246 F. 3d. at 35).

22                                                **CONCLUSION**

23          In light of the preceding, the Court **GRANTS** Stewart's *Motion to Strike* (Docket No. 48).

24      **IT IS SO ORDERED**

25                                                                        **S/ Gustavo A. Gelpí**

**Date: June 30, 2005**                                     **GUSTAVO A. GELPÍ**

26                                                                        **U.S. Magistrate Judge**

27

28