# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**JUAN FUENTES-SANTIAGO**,

  Plaintiffs,

     v.                     **CIVIL NO. 03-2181(DRD/GAG)**

**EMPRESAS STEWART AND CIAS**,
 **et al.**,

  Defendants.

## REPORT AND RECOMMENDATION

Before the Court is co-defendant Empresas Stewart and Cias' ("Stewart") *Motion for Summary Judgment* (Docket No. 33). For the reasons set forth herein, the Court **RECOMMENDS** that Stewart's *Motion for Summary Judgment* be **GRANTED** as to plaintiff's ADA and retaliation claim, and **DENIED** as to his ADEA claim.

## I. STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides for the entry of summary judgment in a case where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Pagano v. Frank, 983 F.2d 343, 347 (1st Cir.1993); Lipsett v. University of Puerto Rico, 864 F.2d 881, 894 (1st Cir.1988). See also Velázquez Hernández, Jorge, The Federal Rules of Evidence, Civil and Criminal Procedure, As Interpreted by the First Circuit Court of Appeals and the U.S. District of Puerto Rico, p.202-212 (2000).

Summary judgment is appropriate where, after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, there is not the slightest doubt as to whether a genuine issue of material fact exists. Kennedy v. Josephthal & Co., Inc., 814 F.2d 798, 804 (1st Cir.1987). A "genuine" issue is one that is dispositive, and which consequently must be decided at trial. Mack v. Great Atlantic and Pacific Tea Co., 871 F.2d 179, 181 (1st Cir.1989); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A material fact, which is defined by the

**CIVIL NO. 03-2181(DRD/GAG)**              2

substantive law, is one which affects the outcome of the suit and which must be resolved before attending to related legal issues. Mack, 871 F.2d at 181.

The party filing a motion for summary judgment bears the initial burden of proof to show "that there is an absence of evidence to support the non- moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Thereafter, the burden shifts to the non-movant to provide the Court, through the filing of supporting affidavits or otherwise, with "some indication that [it] can produce the quantum of evidence [necessary] to enable [it] to reach the jury with [its] claim." Hahn v. Sargent, 523 F.2d 461, 468 (1st Cir.1975), cert. denied, 425 U.S. 904 (1976). The non-movant cannot rest upon mere allegations or denial of the pleadings. Fed.R.Civ.P. 56(e). Indeed, the non-movant must affirmatively show that "sufficient evidence supporting the claimed factual dispute [exists] to require a jury or judge to resolve the parties' differing versions of truth at trial." First Nat. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 288-89 (1968), reh'g denied, 393 U.S. 901 (1968).

## II. LEGAL ANALYSIS

*A. Fuentes-Santiago's ADA claim*

To establish a prima facie case of disability discrimination under the ADA, the plaintiff must show (1) that she suffers from a "disability" within the meaning of the Act; (2) that she was able to perform the essential functions of the job, with or without reasonable accommodation; and (3) that the employer took adverse employment action against him/her due to the disability. Lebrón-Torres v. Whitehall Laboratories, 251 F. 3d. 236, 239 (1ST Cir. 2001). In the case at bar, Stewart requests dismissal of Fuentes-Santiago's ADA claim alleging that he has failed to meet any of the prima facie case's three prongs. Specifically, Stewart claims that Fuentes-Santiago has failed to establish that his dermatitis limited any major life activity, that he was a qualified individual under the Act, and that adverse action was taken on account of his disability. *Motion for Summary Judgment*, p. 9, 12, 14 (Docket No. ).

Stewart's first grounds for dismissal is Fuentes-Santiago's alleged failure to establish he was disabled within the meaning of the Act. To that effect, Stewart alleges that the only limitation imposed on the plaintiff was the ability to be exposed to formaldehyde, which only limited him from

**CIVIL NO. 03-2181(DRD/GAG)**                              3

performing his duties as an embalmer, but no other job. Id., p. 9. Fuentes-Santiago counters by alleging that his major life activities of working, sleeping, eating, concentrating, driving, exercising, "reproductive activity," and performing household chores were substantially limited, not only by his dermatitis, but also depression. *Plaintiff's Opposition*, p. 3-4 (Docket No.).

The determination of whether a plaintiff has a disability within the meaning of the Act requires the Court to consider if (1) the plaintiff suffers from a physical or mental impairment; (2) the life activity limited by the impairment qualifies as major; and (3) the impairment, in fact, substantially limits the plaintiff's identified major life activities. Calero-Cerezo v. United States Dept. Of Justice, 355 F. 3d. 6, 20 (1ST Cir. 2004). As noted, Stewart only challenges Fuentes-Santiago's compliance with the second and third prongs. To that effect, Stewart has alleged that Fuentes-Santiago's dermatitis does not substantially limit any of his major life activities. *Motion for Summary Judgment*, p. 9-10 (Docket No. ).

The Court concurs with Stewart that Fuentes-Santiago has failed to establish a prima facie case of disability discrimination inasmuch as insufficient evidence has been set forth to support his claim of disability under the Act. While Fuentes-Santiago vehemently insists that various of his major life activities were substantially limited by his dermatitis and depression, no medical evidence to that effect has been presented to the Court. In fact, the only limitation evinced by his supporting medical evidence is his inability to work with formaldehyde, which could not reasonable be considered a major life activity. Toyota Motor Manufacturing, Kentucky, Inc. v. Williams, 534 U.S. 184, 197 (2002) (major life activities are those that are of "central importance to daily life."). Hence, Fuentes-Santiago has not presented evidence that his dermatitis substantially limited any of his major life activities. Sullivan v. Neiman Marcus Group, Inc., 358 F. 3d. 110, 114-15 (1ST Cir. 2004) ("in order to have a viable [ADA] claim, a plaintiff must demonstrate that his impairment substantially limits one or more of his major life activities."). As correctly pointed out by Stewart, Fuentes-Santiago's inability to handle formaldehyde would only impair his ability to perform his job as an embalmer, which is insufficient to garner the plaintiff protection under the Act. See id., p. 116 ("proof that an individual cannot perform a single, particular job does not constitute proof of a

**CIVIL NO. 03-2181(DRD/GAG)**                4

substantial limitation in the major life activity of working.").

In addition, the Court concludes that even though Stewart did not mention Fuentes-Santiago's depression in its brief, the scant evidence of said condition presented by the plaintiff in opposition to the motion for summary judgment at bar is insufficient to meet his burden of establishing he was disabled within the meaning of the Act. In support of his contention that he suffers from disabling depression Fuentes-Santiago has merely presented one examination performed at the Puerto Rico State Insurance Fund. **Plaintiff's Exhibit VII**, p. 2 (Docket No. 46). The Court notes that in said evaluation, Dr. José M. Maldonado concluded that, while Fuentes-Santiago suffered from depression, "no blockage in his mental processes was evidenced," his capacity for judgment was not impaired, he was oriented in the three spheres of awareness, "he evidenced no alterations of a sensory nature or ideas of reference," and, more importantly, that he was "qualified to handle his duties." Id. Hence, not only is the evidence of Fuentes-Santiago's depression scant, but that which was presented in no way establishes any limitation to any major life activity. Consequently, the Court finds that Fuentes-Santiago has likewise failed to set forth sufficient evidence to support a conclusion that his depression limited, substantially or otherwise, any of his major life activities.

The Court also notes that Fuentes-Santiago's claim that he was "regarded as" an individual with a disability is equally unavailing since he did not present evidence that Stewart regarded him impaired in "either a class of jobs or a broad range of jobs in various classes as compared with the average person having comparable training, skills, and abilities." Murphy v. United Parcel Service, Inc., 527 U.S. 516, 523 (1999). In fact, Stewart's transfer of Fuentes-Santiago from embalmer to funeral attendant seems to indicate the contrary.

In light of the above, the Court **RECOMMENDS** that Fuentes-Santiago's claim under the ADA be **DISMISSED**.[1]

---

[1] The Court's recommendation logically encompasses Fuentes-Santiago's reasonable accommodation cause of action since, to survive summary judgment on such a claim, the plaintiff must first present evidence that he was disabled within the meaning of the Act. Estades-Negroni v. Associates Corp. of North America, 377 F. 3d. 58, 63 (1ST Cir. 2004).

**CIVIL NO. 03-2181(DRD/GAG)**          5

*B. Retaliation*

Next, Stewart requests dismissal of Fuentes-Santiago's retaliation claim. *Motion for Summary Judgment*, p. 20 (Docket No. 33). In order to establish a prima facie case of retaliation, the plaintiff must present evidence that (1) he was engaged in protected conduct, (2) he was thereafter subjected to an adverse employment action, and (3) a causal connection existed between the protected conduct and the adverse action. Che v. Massachusetts Bay Transportation Authority, 342 F. 3d. 31, 37 (1ST Cir. 2003); Hernández-Torres v. Intercontinental Trading, Inc., 158 F. 3d. 43, 47 (1ST Cir. 1998). A review of the defendant's brief reveals that it only challenges Fuentes-Santiago's compliance with the third prong of the prima facie showing. *Motion for Summary Judgment*, p. 20-23 (Docket No. 33). To that effect, the Court notes that Fuentes-Santiago has presented evidence that he was engaged in protected conduct inasmuch as he filed a charge of discrimination before the Anti Discrimination Unit on March 15, 2002. **Plaintiff's Exhibit I**, *Fuentes-Santiago Sworn Statement*, ¶118, p. 20 (Docket No. 35). In addition, Fuentes-Santiago has established that, thereafter, he suffered an adverse employment action when he was discharged on May 5, 2002. Id., ¶ 130, p. 22. Hence, the Court finds that he has met his burden under the first two prongs of the retaliation prima facie test.

Stewart contends that a discriminatory nexus cannot be established in light of the fact that it allegedly did not find out about the filing of the complaint before the ADU until May 25, 2002, twenty days after Fuentes-Santiago's discharge. *Motion for Summary Judgment*, , p. 21-22 (Docket No. 33). In addition, Stewart alleges that Fuentes-Santiago's discharge was not based on his protected conduct, but rather on deficient performance and failure to comply with certain requirements. Id., p. 23.

The Court finds that there is a material issue of fact as to the former, since both parties have presented to the Court contrary evidence as to when Stewart was informed of the complaint before the ADU. On one hand, Stewart has presented a declaration under penalty of perjury of then Regional Human Resources Director Diana Ledesma, in which she claims that the Fuentes-

**CIVIL NO. 03-2181(DRD/GAG)**          6

Santiago's ADU complaint was not received until May 25, 2002. **Defendant's Exhibit I**, *Diana Ledesma Statement*, p. 1 (Docket No. 32). However, Fuentes-Santiago filed a sworn statement of his own alleging that he, "immediately after filing the charge of discrimination, personally handed" to two of his supervisors a copy of the discrimination charge. **Plaintiff's Exhibit I**, *Fuentes-Santiago Sworn Statement*, p. 20 (Docket No. 35). Hence, there is an issue of material fact as to when Stewart was informed of the charge.

Having found that the plaintiff has established, for summary judgment purposes, a prima facie case of retaliation, the burden shifts to Stewart to articulate a legitimate, non-discriminatory reason for its decision to discharge Fuentes-Santiago. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). In doing so, Stewart "must clearly set forth, through the introduction of admissible evidence, reasons for its actions which, if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action." St. Mary's Honor Center v. Hicks, 509 U.S. 502, 507 (1993) (citing Texas Department of Comm. Affairs v. Burdine, 450 U.S. 248, 254-55 and n. 8 (1981). To that effect, Stewart claims that the decision to discharge Fuentes-Santiago was not based on any discriminatory animus, but rather on his failure to obtain the licence required for his post as funeral attendant, as well as alleged instances of insubordination. *Motion for Summary Judgment*, p. 16 (Docket No. 33).

It is uncontested that Fuentes-Santiago was removed from his position as embalmer due to his dermatitis. *Statement of Uncontested Facts*, ¶ 38, p. 6 (Docket No. 32). Fuentes-Santiago was subsequently transferred to a position as a funeral attendant, under which one of his main duties would be to transfer cadavers in a hearse. Id., ¶ 39, p. 7; Defendants' **Exhibit J**, *August 29, 2001 Letter* (Docket No. 49, p. 9). In order, to be able to drive the vehicle, Fuentes-Santiago was required to obtain a license from the Public Service Commission ("PSC"). *Statement of Uncontested Facts*, ¶ 40, p. 7; See Defendants' **Exhibit J** (Docket No. 49). Notwithstanding Stewart's insistence and numerous extensions of time, Fuentes-Santiago failed to obtain said license. *Statement of Uncontested Facts*, ¶¶ 41, 43, 49-52, 54-56, p. 8. While Fuentes-Santiago argues otherwise, it is uncontested that the licence requirement was also imposed on other, similarly situated employees.

**CIVIL NO. 03-2181(DRD/GAG)**              7

Id., ¶ 58, p. 10; Defendants' **Exhibit H**, *Jaime Ortiz Statement*, ¶ 18, p. 2 (Docket No. 49). In light of the preceding, the Court finds that Stewart has, in fact, set forth sufficient, uncontested evidence to support their proffered non-discriminatory reason for discharging Fuentes-Santiago. Consequently, the burden shifts to Fuentes-Santiago who must show that said reason "is in fact a pretext and that the job action was the result of [Stewart's] retaliatory animus." Calero-Cerezo v. United States, Department of Justice, 355 F. 3d. 6, 26 (1ST Cir. 2004).

In support of his allegation that Stewart's insistence that Fuentes-Santiago obtain the PSC license was a pretext for discrimination, the plaintiff repeatedly claims that David Ruiz ("Ruiz"), general manager at one of the funeral homes, has stated on the record that such a requirement was unnecessary. *Opposition to Motion for Summary Judgment*, p. 40-42 (Docket No. 35). However, at no point does Ruiz say so. Ruiz merely claims that some of Fuentes-Santiago's supervisors ordered him to impose upon Fuentes-Santiago "unnecessary requisites." Plaintiff's **Exhibit VIII**, *David Ruiz Statement*, ¶ 26-28, p. 5 (Docket No. 42). Nevertheless, at no point in his statement under penalty of perjury does Ruiz specifically state that the PSC license was unnecessary, and imposed exclusively for the purpose of harassing, and subsequently discharging, the plaintiff. While Ruiz does provide various statements to the effect that he was pressured by Stewart personnel to fire Fuentes-Santiago due to his age and disability, he provides no relevant testimony to discredit the license request, nor does he claim that, according to his experience, such a requirement was unusual or unwarranted.

Fuentes-Santiago next alleges that at no point prior to his discharge were any of Stewart's other funeral attendants requested to provide the PSC license. Plaintiff's **Exhibit I**, *Juan Fuentes-Santiago Sworn Statement*, ¶¶ 69-72, p. 12-14 (Docket No. 42). Fuentes-Santiago claims that it was not until after his discharge that Stewart began to do so. Id. However no evidence to that effect has been provided by Fuentes-Santiago, other than his own statements. Furthermore, Fuentes-Santiago does not detail how and why he has personal knowledge of such information. Hence, the Court opines that his conclusory statements to that effect are insufficient to establish, even for summary judgment purposes, an issue of material fact as to this particular. Kelly v. United States, 924 F. 2d.

**CIVIL NO. 03-2181(DRD/GAG)**     8

355, 357 (1ST Cir. 1991) (at the summary judgment stage, "proof based on arrant speculation, optimistic surmise or farfetched inference will not suffice," to create a triable issue.).

The Court also reiterates that there is proof that Fuentes-Santiago was given an almost eight month period of time, during which numerous extensions were granted, to obtain the PCS license, which he never did. Defendants' **Exhibit B**, *Juan Fuentes-Santiago Deposition*, p. 115-136 (Docket No. 49).

In light of the preceding, the Court concludes that Fuentes-Santiago has not presented sufficient evidence to establish that his failure to obtain the PCS license was used a a pretext for discrimination. Consequently, the Court **RECOMMENDS** that Fuentes-Santiago's retaliation claim be **DISMISSED**.

*C. ADEA*

Lastly, Stewart requests dismissal of Fuentes-Santiago's age discrimination claim. However, in doing it only claims, in a conclusory manner, that it "tried to keep [Fuentes-Santiago] employed, but only to the point were it made business sense." Such an underdeveloped argument is insufficient for Stewart to carry its initial burden of proving "that there is an absence of evidence to support the non- moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Hence, the Court need go no further, and consequently **RECOMMENDS** that Stewart's request for dismissal of the plaintiff's age discrimination claim be **DENIED**. See United States v. Marks, 365 F. 3d 101, 107 (1st Cir. 2004) (citing United States v. Zannino, 895 F. 2d 1, 7 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work.")); Higgins v. New Balance Athletic Shoe, Inc., 194 F. 3d 252, 260 (1ST Cir. 1999) ("The district court is free to disregard arguments that are not adequately developed"); Mandavilli v. Maldonado, 38 F. Supp. 2d. 180, 199 n. 4 (D. Puerto Rico 1999) (""This fact, however, was not developed as part of [defendant's] argument, and therefore, the Court will not address the implications of this fact in its analysis of defendant's basis for summary judgment").

## CONCLUSION

In light of the preceding, the Court **RECOMMENDS** that Stewart's *Motion for Summary*

**CIVIL NO. 03-2181(DRD/GAG)**                9

*Judgment* (Docket No. 33) be **GRANTED in part**, as to plaintiff's ADA and retaliation claims, **and DENIED in part**, as to plaintiff's ADEA claim.

      Under the provisions of 28 U.S.C. § 636 and Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which   objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986); Davet v. Maccorone, 973 F. 2d 22, 30/31 (1st Cir. 1992).

**IT IS SO ORDERED**

**Date: June 30, 2005**                    S/ Gustavo A. Gelpí
                                           **GUSTAVO A. GELPÍ**
                                           **U.S. Magistrate Judge**